UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DANIEL EDUARDO PAZ PERNIA,

Petitioner,

v.

KRISTI NOEM, *et al.*,

Defendants.

Case No. C26-581-RSM

ORDER GRANTING PETITION FOR
WRIT OF HABEAS CORPUS UNDER
28 U.S.C.§ 2241

This matter comes before the Court on Petitioner Daniel Eduardo Paz Pernia's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241. Dkt. #1. The Court has reviewed the certified petition, the responsive briefing filed by the Government, Dkts. #4-6, a Reply, Dkt. #7, and the remainder of the record. The following facts are taken from the verified petition and a declaration of a deportation officer submitted by the Government. *See* Dkts. #1 and #5.

Petitioner is a thirty-four-year-old citizen of Venezuela. Petitioner entered the United States on November 4, 2021, with his wife and two children, after fleeing Venezuela due to alleged political persecution. Petitioner and his family were immediately detained and released on an Order of Recognizance ("OREC"), which required Petitioner to report for any hearings or interviews as directed but did not require any in person check-ins. *See* Dkt. #1 at Ex. D. The OREC also required Petitioner to "not change [his] place of residence without first securing written permission from the immigration officer listed above" but does not list any officer in the

ORDER GRANTING PETITION FOR HABEAS
CORPUS UNDER 28 U.S.C. § 2241 - 1

given space. *Id.* Petitioner was also served a Notice to Appear ("NTA") ordering Petitioner to appear before an immigration judge in Chicago, Illinois, but the NTA does not include any date or time. *Id.* at Ex. B.

In December 2021, Petitioner went to the Chicago Immigration Court and was only told that his case would likely take some time to be filed.[1] *Id.* at Ex. A. He hired an immigration attorney and filed for asylum. Petitioner "did his best" to continue updating the Department of Homeland Security ("DHS") of his location. *Id.* at 2. These updates resulted in Petitioner's recent mailings from United States Citizenship and Immigration Services ("USCIS") being mailed to his residence in Washington State, including his recent work permit and Temporary Protected Status ("TPS") approval paperwork. *See id.* at Ex. A, Ex. I.

On or about January 22, 2026, Petitioner was stopped in his vehicle by DHS and Customs and Border Patrol ("CBP") agents and transported to the Seattle, Washington field office. There, Petitioner was arrested after a DHS system check returned that Petitioner failed to check in with the Chicago office after his release on OREC on November 4, 2021, and never notified them of his change of address from Illinois to Washington. Petitioner's OREC was cancelled, and he was transferred to Northwest Immigration and Customs Enforcement ("ICE") Processing Center ("NWIPC") in Tacoma, Washington.

Soon after, Petitioner requested that an immigration judge review his custody determination. On February 2, 2026, Petitioner filed an asylum, withholding of removal, and convention against torture claim with the Tacoma Immigration Court. On February 6, 2026, DHS filed a Motion to Pretermit Petitioner's protections applications, which an immigration judge granted on February 23, 2026. Petitioner appealed this order, and the appeal remains

---

[1] Petitioner notes that his case was not docketed until January 28, 2026, after his detention. *See* Dkt. #1 at Ex. F.

ORDER GRANTING PETITION FOR HABEAS
CORPUS UNDER 28 U.S.C. § 2241 - 2

pending. On February 27, 2026, Petitioner was informed that he "is a member of the *Maldonado Bautista* Class of plaintiffs challenging being denied access to a bond hearing."[2] Dkt. #5 at ¶ 11. Petitioner remains at NWIPC.

Federal courts have authority to grant writs of habeas corpus to an individual in custody if such custody is a "violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3). In this case, Petitioner contends that his arrest and detention violate the Due Process Clause of the Fifth Amendment to the United States Constitution, which prohibits the federal government from depriving any person of "life, liberty, or property, without due process of law[.]" U.S. Const. Amend. V. The right to due process extends to "all 'persons' within the United States, including [non-citizens], whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693, 121 S. Ct. 2491, 150 L. Ed. 2d 653 (2001).

"Procedural due process imposes constraints on governmental decisions which deprive individuals of 'liberty' or 'property' interests within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment." *Mathews v. Eldridge*, 424 U.S. 319, 332, 96 S. Ct. 893, 47 L. Ed. 2d 18 (1976). "The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Id.* at 333 (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552, 85 S. Ct. 1187, 14 L. Ed. 2d 62 (1965)). Determining whether an administrative procedure provides the process constitutionally due:

> generally requires consideration of three distinct factors: First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or

---

[2] This class is defined, in part, as noncitizens who "were not or will not be apprehended upon arrival[.]" *Maldonado Bautista v. Noem*, Case No.: 5:25-cv-01873-SSS-BFM, 2025 WL 3713987, at *32 (C.D. Cal. Dec. 18, 2025). Given that Petitioner was apprehended by CBP immediately upon entering the United States several years ago and released on OREC, it does not appear that Petitioner is a member of the *Maldonado Bautista* class.

ORDER GRANTING PETITION FOR HABEAS
CORPUS UNDER 28 U.S.C. § 2241 - 3

substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*Id.* at 335.

In *Rodriguez Diaz v. Garland*, the Ninth Circuit assumed without deciding that *Mathews*' three-part test applies in "the immigration detention context." 53 F.4th 1189, 1206-07 (9th Cir. 2022). The parties discuss how the application of the *Mathews* text applies here, and the Court will consider each *Mathews* factor in turn to determine whether Petitioner's arrest and detention comport with constitutional due process requirements. In so doing, the Court is mirroring the application of this test used by other judges in this District. *See, e.g., E.A. T.-B. v. Wamsley, et al.*, No. 25-1192-KKE, -- F. Supp. 3d --, 2025 WL 2402130 (W.D. Wash. Aug. 19, 2025). Similarly, the Court follows other decisions in this District by finding that Petitioner is detained under 8 U.S.C. § 1226(a), not § 1225(b) as the Government contends. *See* Dkt. 4 at 4 (stating that the Government "respectfully disagrees" with this District's decision finding those released under OREC to be under § 1226(a), citing to *Aslan v. Wamsley*, No. 2:25-cv-02698-JNW, 2026 WL 238675, at *2 (W.D. Wash. Jan. 29, 2026)).

Petitioner's interest in not being detained is "the most elemental of liberty interests[.]" *Hamdi v. Rumsfeld*, 542 U.S. 507, 529, 124 S. Ct. 2633, 159 L. Ed. 2d 578 (2004). That Petitioner was detained without notice, placed in detention, and remains in custody after no changes to his status undoubtedly deprives him of an established interest in his liberty.

The second *Mathews* factor considers whether a particular process results in a risk of erroneous deprivation of a protected interest. The Court agrees with Petitioner that the risk of erroneous deprivation of his liberty interest in the absence of a pre-detention hearing is high under the particular facts of this case.

ORDER GRANTING PETITION FOR HABEAS
CORPUS UNDER 28 U.S.C. § 2241 - 4

In the final *Mathews* factor, the Court considers the Government's interest in arresting and detaining Petitioner without a hearing. The Government clearly has an interest in detaining removable non-citizens under certain circumstances to the extent needed to ensure that they do not abscond or commit crimes. But where Petitioner has been living in the United States for year, following the rules while waiting for any notice from DHS, and there was no material change in his particular factual circumstances prior to arrest, the Government fails this factor. The Government's reasoning that Petitioner missed a check-in or failed to notify them of his moving is unconvincing, as Petitioner's OREC did not require any in person check-ins and the Government was aware, at least, for over a year of Petitioner's residence in Washington State. The Court finds that the Government's interest here is low. *See also E.A. T.-B.*, *supra*.

Based on this review of the *Mathews* factors, the Court finds that Petitioner has a protected liberty interest in his continued release from custody, and due process requires that Petitioner receive a hearing before an immigration judge before he can be re-detained.[3]

The Government requests that, "[i]f this Court were to find that due process required a hearing, this Court should order a prompt post-deprivation hearing." Dkt. #4 at 9-10. The Court will decline this request, as "a post-deprivation bond hearing is an inadequate procedural safeguard because it would occur only after detention and thus fails to address an erroneous deprivation of liberty." *Chicoze-Ezechi v. Noem*, No. 2:26-cv-00145-BAT, 2026 WL 265733, at *2 (W.D. Wash. Feb. 2, 2026).

Having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS that Petitioner's habeas petition is GRANTED. The Court ORDERS that

---

[3] Because Petitioner requests relief in the form of release from detention, and the Court finds that Petitioner's detention is in violation of his due process rights under the Constitution, the Court declines to make a determination on Petitioner's claims under the Administrative Procedure Act at this time.

ORDER GRANTING PETITION FOR HABEAS
CORPUS UNDER 28 U.S.C. § 2241 - 5

Petitioner shall be released from custody immediately and may not be re-detained until after an immigration court hearing is held (with adequate notice) to determine whether detention is appropriate. Any fee petition shall be filed within the deadlines set by the Equal Access to Justice Act, 28 U.S.C. § 2412, and shall be noted under Local Rule 7(d)(3).

DATED this 17th day of March, 2026.

Ricardo S. Martinez
United States District Judge

ORDER GRANTING PETITION FOR HABEAS
CORPUS UNDER 28 U.S.C. § 2241 - 6